UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HECTOR LOPEZ,                                                      Case #:

                           Plaintiff,

            - against -                                            **VERIFIED COMPLAINT**

NORWEGIAN CRUISE LINE HOLDINGS, LTD,        **PLAINTIFF DEMANDS**
                                                                              **A TRIAL BY JURY**
                      Defendant.
----------------------------------------------------------------X

      Plaintiff, complaining of the Defendant, by his attorneys, **DELL & DEAN, PLLC** alleges upon information and belief as follows:

### JURISDICTION AND VENUE

1. At all times hereinafter mentioned, Plaintiff, was and still is a resident of the State of New York, residing at 20 Hoover Place, Stony Point, New York 10980.

2. That the cause of action alleged herein arose Cape Canaveral, Florida.

3. Upon information and belief, at all times herein mentioned, Defendant **NORWEGIAN CRUISE LINE HOLDINGS, LTD** was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the Florida and doing business within the State of New York.

4. Upon information and belief, at all times herein mentioned, Defendant **NORWEGIAN CRUISE LINE HOLDINGS, LTD** maintained a principal place of business at 7665 Corporate Center Drive, Miami, Florida 33126.

5. That this action is based upon the Federal Tort Claims Act 28, U.S.C. 1332.

6. That the amount in controversy exceeds in the sum of $150,000.00 exclusive of costs

and interest.

7. That this action falls within one or more of the exceptions as set forth in CPLR Section 1602 of the State of New York.

8. Venue is properly placed in the United States District Court for the Eastern District of New York since the Plaintiff resides within that district, and that district is the most convenient for this action to be tried.

### AS AND FOR A CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF

9. That on February 17, 2016, and at all times herein mentioned, the ship known as The Norwegian Breakaway was owned by Defendant **NORWEGIAN CRUISE LINE HOLDINGS, LTD.**

10. That on February 17, 2016, and at all times herein mentioned, the above-mentioned ship was owned, operated, managed, maintained, repaired, controlled, inspected, constructed and supervised by Defendant **NORWEGIAN CRUISE LINE HOLDINGS, LTD.**

11. That on February 17, 2016, and at all times herein mentioned, it was the duty of Defendant **NORWEGIAN CRUISE LINE HOLDINGS, LTD** to own, operate, manage, maintain, repair, control, inspect, construct and supervise the ship known as The Norwegian Breakaway in a reasonably safe condition.

12. That at all times herein mentioned, Defendants **NORWEGIAN CRUISE LINE HOLDINGS, LTD** had a non-delegable duty to maintain the ship in a reasonably safe condition and free of dangers and hazards to those passengers lawfully thereat, including Plaintiff, **HECTOR LOPEZ.**

13. That on February 17, 2016, Plaintiff **HECTOR LOPEZ** was a lawful passenger on the above-mentioned ship under Reservation No. 29974226 docked at Cape Canaveral, Florida.

14. That on February 17, 2016, while Plaintiff **HECTOR LOPEZ** was lawfully walking on the aforesaid ship, he was caused to sustain severe and permanent injuries.

15. The above mentioned occurrence, and the results thereof, was caused wholly and solely by the negligence and breach of duty of the Defendants **NORWEGIAN CRUISE LINE HOLDINGS, LTD** and/or said Defendant's servants, agents, employees and/or licensees in the ownership, inspection, construction, repair, operation, management, maintenance and control of the aforesaid premises; and the Defendant **NORWEGIAN CRUISE LINE HOLDINGS, LTD** was otherwise negligent, careless and reckless.

16. That, upon information and belief, Defendants **NORWEGIAN CRUISE LINE HOLDINGS, LTD** had actual notice of this defective condition in that this Defendant created the condition and was present on a daily basis prior to the underlying accident.

17. That no negligence on the part of the Plaintiff **HECTOR LOPEZ** contributed to the occurrence alleged herein in any manner whatsoever.

18. That as a result of the foregoing, Plaintiff **HECTOR LOPEZ** was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff **HECTOR LOPEZ** has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff **HECTOR LOPEZ** was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

19. By reason of the foregoing, Plaintiff **HECTOR LOPEZ** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

WHEREFORE, Plaintiff **HECTOR LOPEZ** prays for judgment against the Defendant

**NORWEGIAN CRUISE LINE HOLDINGS, LTD** on behalf of the within Cause of Action in amounts which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein, together with the costs and disbursements of this action.

Dated: Garden City, New York
        5/20/16

JOSEPH G. DELL (JD 7315)
DELL & DEAN, PLLC
Attorneys for Plaintiff
HECTOR LOPEZ
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 880-9700

Index No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HECTOR LOPEZ,

        Plaintiff,

   - against -

NORWEGIAN CRUISE LINE HOLDINGS, LTD,

        Defendant.

---

SUMMONS & COMPLAINT

---

**DELL & DEAN, PLLC**
*Attorneys for Plaintiff*
**1225 Franklin Avenue
Suite 450
Garden City, New York 11530
(516) 880-9700
Facsimile (516) 880-9707**

---

TO: